IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUTH PAGE-NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-605-ECM-JTA |
| | ) | (WO) |
| KASH PATEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is *pro se* Plaintiff Ruth Page-Nelson's motion for leave to amend. (Doc. No. 30.) For the reasons stated below, the motion is due to be denied.

In the April 7, 2026 Recommendation, the undersigned recommended Plaintiff's claims be dismissed without prejudice because she failed to demonstrate standing to challenge the City of Dothan's August 2025 municipal election or to seek a court order requiring the FBI to investigate various matters. (Doc. No. 21 at 6–7.) The undersigned concluded Plaintiff has no standing because she did not seek to remedy an injury personal to her. (*Id.*) In conjunction with her objections to the Recommendation, Plaintiff argues she should be allowed to amend her complaint to cure pleading deficiencies identified in the April 7, 2026 Recommendation. (Doc. No. 30 at 6.) However, Plaintiff's proposed amended complaint does not cure previously-identified jurisdictional problems or pleading deficiencies related to her earlier claims. Instead, it reinvents her lawsuit to state new First and Fourteenth Amendment claims[1] personal to her.

---

[1] Plaintiff's proposed amended complaint presents new factual allegations, drops some Defendants and adds others, omits her previous claims, presents a total of three new claims alleging injuries personal to her, and seeks relief materially different than she sought in her earlier pleadings. (Docs. No. 8, 30-1.)

1

As Plaintiff notes, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, under the circumstances, justice does not require another [2] opportunity for Plaintiff to remake her lawsuit in an effort to circumvent the Recommendation's findings and legal conclusions as to her earlier claims. Because Plaintiff's proposed amended complaint is a shotgun complaint, amendment is futile.[3] *Wade*, 36 F.4th at 1328 ("[A] district court can deny leave to amend the complaint when amendment would be futile."). Moreover, the undersigned recommended dismissal of Plaintiff's claims without

---

Whereas her previous complaint sought relief from election results and election-related misconduct based on her status as a citizen and voter, her proposed amended complaint seeks relief for deprivations of her own First and Fourteenth Amendment rights. (Doc. No. 30-1.) Specifically, Plaintiff's new claims seek relief on grounds that, by holding a candidate event at a public facility at which Black candidates were not allowed to speak, the Houston County Republican Party deprived her of her constitutional rights. Plaintiff contends she was intimidated from protesting the inclusion of only white candidates and deprived of her alleged right to obtain information about the Black candidates. (Doc. No. 30-1 at 1–2; *see also* Doc. No. 8 at 2; Doc. No. 8-1 at 4–5.) Notably, Plaintiff does not allege the Black candidates were Republicans or that they qualified to participate in the Republican Party forum.

[2] Plaintiff's proposed amended complaint would be the fourth iteration of her pleadings. (*See* Docs. No. 1, 6, 8.) Prior to entry of the Recommendation, Plaintiff was provided an opportunity to address her lack of standing; thus, she has already been afforded one opportunity to address the jurisdictional deficiencies of her claims. (Doc. No. 15; *see* Doc. No. 21 at 1 (citing cases and explaining that standing is a component of subject matter jurisdiction).)

[3] Shotgun complaints are not allowed and must be stricken. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996); *cf. Wade v. Daniels*, 36 F.4th 1318, 1328 (11th Cir. 2022) ("Leave to amend is futile if the complaint as amended is still subject to dismissal."). Plaintiff's proposed amended complaint is a shotgun complaint because she does not specify the claims she alleges against the two named Defendants (City of Dothan and Houston County Commission) or the factual allegations upon which those claims rest. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of . . . shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Plaintiff also lists fictitiously named Defendants ("Houston County Republican Party Officials in their official capacities" and "John Doe Officials"). The proposed amended complaint is equally deficient as to Plaintiff's allegations against the fictitiously named Defendants, and, in any event, fictitious party pleading is generally not allowed in federal courts. *See* Fed. R. Civ. P. 10(a); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

prejudice, which would not preclude her from filing her new claims in a new action. *See Moore v. S. Co.*, No. 25-12302, 2025 WL 2993416, at *4 (11th Cir. Oct. 24, 2025) (affirming dismissal of a shotgun complaint without prejudice, noting that dismissal of a shotgun complaint without prejudice ordinarily is not an abuse of discretion); *Brown v. Ivey*, No. 21-10062, 2022 WL 595726, at *2 (11th Cir. Feb. 28, 2022) ("[T]he district court's *sua sponte* dismissal—which was without prejudice, and which leaves [the plaintiff] ample time[4] to re-file his claim—was not an abuse of discretion.").

DONE this 14th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] The claims in Plaintiff's proposed amended complaint arose in June 2025. (Doc. No. 30-1 at 2.) *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (noting the two-year statute of limitations applicable to actions brought pursuant to 42 U.S.C. § 1983); *Miller v. Montgomery Police Dep't*, No. 2:20-cv-1025-RAH-JTA, 2023 WL 2673937, at *4 (M.D. Ala. Jan. 6, 2023) (collecting cases and stating "§ 1983 creates a civil action for deprivation of rights afforded by the United States Constitution"), *report and recommendation adopted*, No. 2:20-cv-1025-RAH, 2023 WL 2669863 (M.D. Ala. Mar. 28, 2023).