IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUTH PAGE-NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-605-ECM |
| | ) | [WO] |
| KASH PATEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**INTRODUCTION**

*Pro se* Plaintiff Ruth Page-Nelson ("Page-Nelson") brings this action pursuant to 42 U.S.C. § 1983 and Alabama state law arising out of her challenge to the City of Dothan's August 5, 2025 municipal election. (*See* doc. 8 (operative complaint)). Before the Court is the Magistrate Judge's recommendation that this action be dismissed without prejudice because Page-Nelson lacks Article III standing to bring her claims. (Doc. 21). Page-Nelson timely filed objections to the Recommendation. (Doc. 30).[1] After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Page-Nelson's objections, the Court concludes that Page-Nelson's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

[1] Objections were originally due by April 21, 2026, (doc. 21 at 7), but the Magistrate Judge extended the objection deadline to May 7, 2026, at Page-Nelson's request, (doc. 23).

## LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

## DISCUSSION

In her first objection, Page-Nelson objects to the Magistrate Judge's purported mischaracterization of her injury as merely generalized when, according to Page-Nelson, she suffered "direct, first-hand injuries." (Doc. 30 at 3). Page-Nelson contends that she personally attended the June 30, 2025 candidate forum during which she "personally

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

observed the White selected candidates being permitted to speak while Black candidates . . . were relegated to the audience." (*Id.*).[3] Upon *de novo* review, the Court concludes, as the Magistrate Judge did, that these allegations are insufficient to establish that Page-Nelson suffered an injury-in-fact. The Supreme Court and the Eleventh Circuit have been clear that psychological injuries resulting from "observation of conduct with which one disagrees," or "a mere recitation that the Government is violating one's constitutional rights," are "insufficient to establish an Article III injury." *Johnson v. Mayor, City of Jacksonville*, 178 F.4th 1240, 1246–47 (11th Cir. June 10, 2026) (first citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 485–86 (1982); then quoting *Ladies Memorial Ass'n v. City of Pensacola*, 34 F.4th 988, 993 (11th Cir. 2022)).[4] Consequently, this objection is due to be overruled.

In her second objection, Page-Nelson asserts that she adequately demonstrated Article III standing to bring a First Amendment claim because she was informed that attendees at the aforementioned candidate forum could remain "only if they 'behaved,' while an armed sheriff visibly stood inside the room." (Doc. 30 at 4). According to Page-Nelson, she "reasonably understood and believed that protest, questioning, or objection could result in removal or retaliation." (*Id.*). However, Page-Nelson's operative complaint,

[3] Page-Nelson's operative complaint does not allege that she personally observed this situation, (*see generally* doc. 8), but even if it did, it would still be insufficient to establish an injury-in-fact for purposes of Article III standing.

[4] To the extent that Page-Nelson relies on allegations in her proposed third amended complaint, the Magistrate Judge denied Page-Nelson's motion for leave to file the third amended complaint. (Doc. 31). And for the reasons explained further below, the Court finds that granting further leave to amend is not warranted on this record.

construed liberally, does not contain these allegations. Upon *de novo* review, the Court finds that the allegations of the operative complaint are insufficient to establish Page-Nelson's standing to bring a First Amendment claim.[5] Therefore, this objection is also due to be overruled.

In her third objection, Page-Nelson contends that she suffered a personal injury because she was "denied equal access to candidate views and comparative information relevant to casting an informed vote." (Doc. 30 at 5). Assuming without deciding that this objection is sufficiently specific to trigger *de novo* review, the Court finds that the allegations of the operative complaint are insufficient to establish that Page-Nelson suffered an informational injury as a voter such that she has satisfied the injury-in-fact requirement. Consequently, this objection is due to be overruled.

In her fourth objection, Page-Nelson argues that the Recommendation read the complaint too narrowly even though *pro se* pleadings should be liberally construed. The Court disagrees with Page-Nelson's characterization of the Recommendation. Moreover, on *de novo* review and construing the complaint liberally, this Court concludes that Page-Nelson has failed to sufficiently allege that she has Article III standing. For these reasons, her fourth objection is due to be overruled.

In her fifth and final objection, Page-Nelson argues that if the operative complaint is deficient, dismissal is not warranted and she should be permitted to amend her complaint

[5] The Court need not, and does not, decide whether such allegations would be sufficient to confer Article III standing.

again. The Magistrate Judge previously denied Page-Nelson's motion for leave to file a third amended complaint. (Doc. 31). Upon *de novo* review, and for the reasons stated in the Magistrate Judge's Order, (*see id.*), this Court concludes that granting further leave to amend is not appropriate under the circumstances of this case. Therefore, this objection is due to be overruled.

**CONCLUSION**

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Page-Nelson's objections (doc. 30) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 21) is ADOPTED;

3. This case is DISMISSED without prejudice for lack of standing;

4. All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 24th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE